# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN E. YARBROUGH, #Y15100, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-cv-00074-JPG |
| RICHARD WATSON, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff John Yarbrough, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at St. Clair County Jail ("Jail"). (Doc. 1). Plaintiff claims that he was attacked and injured by several inmates on August 14, 2015, after requesting protective custody for three days. (*Id*. at p. 6). He seeks money damages from Sheriff Watson. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Following his detention at St. Clair County Jail on August 11, 2015, Plaintiff received threats from fellow inmates, who were

1

aware of charges pending against him for a sex crime. (Doc. 1, p. 6). For three days, Plaintiff reported these threats to jail staff and requested protective custody, but the staff ignored him. On August 14, 2015, Plaintiff was attacked by four or five inmates. He suffered fractured ribs and head injuries that required treatment at an outside hospital. (*Id.*).

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate a single claim in the *pro se* Complaint:

**Count 1:** Defendant Watson failed to protect Plaintiff from an inmate attack that occurred at St. Clair County Jail on August 14, 2015, in violation of his constitutional rights.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Plaintiff names Sheriff Watson as the only defendant in this action, but he does not mention the sheriff anywhere in the statement of his claim. The Court has no way to assess whether this individual acted, or failed to act, in a manner that violated Plaintiff's constitutional rights. To pursue a Section 1983 claim for money damages against a state actor, a plaintiff must name the individual as a defendant in the action *and* set forth allegations establishing that the defendant caused or participated in a deprivation of the plaintiff's constitutional rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). This is because Section 1983 liability hinges on personal liability and is predicated upon fault; there is no *respondeat superior* liability. *Id*. Plaintiff cannot state a claim against a defendant by simply listing that person as a party to the action. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has not set forth

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

any allegations against the defendant in the Complaint, Count 1 shall be dismissed for failure to state a claim against the sheriff.

Although this Court would normally allow Plaintiff to amend his Complaint, it would be futile to do so here for two reasons. First, Plaintiff's claim is time-barred. The statute of limitations for Section 1983 actions in Illinois is two years. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Plaintiff's claim arose from a single incident that occurred at the Jail on August 14, 2015. He should have filed this action no later than August 14, 2017. He waited until January 17, 2020. (*See* Doc. 1). In doing so, Plaintiff missed the deadline for bringing this claim by more than twenty-nine months. Second, Plaintiff admits that he took no action to exhaust his administrative remedies at the Jail prior to filing this suit, despite acknowledging that the Jail has a grievance process. (Doc. 1, p. 4). Under the Prison Litigation Reform Act, Plaintiff was required to exhaust all available remedies at the Jail before filing this action. *See* 42 U.S.C. § 1997e(a). A prisoner-plaintiff may not pursue his claims in federal court until *after* he has completely exhausted his available remedies. *Id*. Although failure to exhaust administrative remedies is usually an affirmative defense, when it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. In this case, it is clear that Plaintiff failed to exhaust available administrative remedies before bringing suit. *See Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"). For each of these reasons, the Complaint does not survive preliminary review and shall be dismissed.

**Disposition**

**IT IS ORDERED** that the Complaint, including **COUNT 1**, is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against Defendant **RICHARD WATSON**. All pending motions (Docs. 3 and 4) are **DISMISSED** as **MOOT**. Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: 4/13/2020         s/J. Phil Gilbert
                         **J. PHIL GILBERT**
                         **United States District Judge**